46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cathy PECK, Plaintiff-Appellant,
v.
VAIL ASSOCIATES, INC., a Colorado corporation, Defendant-Appellee.
 No. 94-1015.
United States Court of Appeals,
Tenth Circuit.
 Jan. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff Cathy Peck filed this diversity action against defendant Vail Associates, Inc., alleging that she suffered injuries to her knee and tailbone in a skiing accident because of defendant's negligent placement of safety cones on each side of the exit ramp at the top of a chairlift. The district court granted summary judgment to defendant on grounds that plaintiff's injury was caused by an inherent danger and risk of skiing, and her action was, therefore, barred by the Colorado Ski Safety Act, Colo.Rev.Stat. 33-44-101 to -114 (1984 & Supp.1993). Plaintiff now appeals. This court reviews the grant of summary judgment de novo. James v. Sears, Roebuck & Co., 21 F.3d 989, 997-98 (10th Cir.1994). We also review de novo the district court's interpretation of state law. Salve Regina College v. Russell, 499 U.S. 225, 239 (1991). We affirm.
 
 
 2
 The circumstances of the skiing accident are undisputed. As plaintiff and three other skiers exited the chairlift, plaintiff caught the tip of her ski on one of the safety cones used to demarcate the unloading ramp. The cones, which were positioned fifteen and one-half feet apart at the chairlift exit, tapered outward from the lift. According to plaintiff's deposition testimony, she saw the cones before she exited the lift. When plaintiff stood up from the chair onto the ramp, she was not out of balance.
 
 
 3
 Plaintiff argues on appeal that her claim is not barred by the Colorado Ski Safety Act because her accident was caused by defendant's "use or operation of ski lifts." The Act, while prohibiting claims for injuries "resulting from any of the inherent dangers and risks of skiing," 33-44-112 (Supp.1993), states that nothing in the section defining the inherent dangers and risks of skiing "shall be construed to limit the liability of the ski area operator for injury caused by the use or operation of ski lifts," 33-44-103(10) (Supp.1993).
 
 
 4
 The evidence does not show, however, that plaintiff's injury was caused by defendant's use or operation of the lift. Plaintiff's accident occurred after she stood up from the chair, onto a smooth, well-groomed ramp. Plaintiff observed the safety cones and gained her balance before proceeding down the ramp. We agree with the district court's conclusion that safety cones are an inherent danger and risk of skiing. As the district court reasoned, safety cones are akin to fences or signs, two of the many inherent dangers and risks specifically enumerated by the Act. Therefore, plaintiff's claim is barred by the Act.
 
 
 5
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument